NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD LIPSKY, ROSELAND AMBULATORY CENTER, LLC, and MHA, LLC d/b/a Meadowlands Hospital, | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : : | Civil Action No. 13-cv-00105 (DMC) (JBC) |
| CONNECTCIT GENERAL LIFE INSURANCE COMPANY, PHIL MANN and JOHN DOES 1 through 100, | : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Connecticut General Life Insurance Company, Phil Mann, and John Does 1 through 100 (collectively "Defendants") to Dismiss the Complaint of Plaintiffs Richard Lipsky, Roseland Ambulatory Center LLC, and MHA, LLC d/b/a/ Meadowlands Hospital (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion is **granted**.

## I.    BACKGROUND[1]

Plaintiff Roseland Ambulatory Surgery Center ("Roseland") is a limited liability company organized under the laws of New Jersey. Plaintiff Richard Lipsky is an owner and manager of Roseland. Defendant Connecticut General Life Insurance Company ("CGLIC") is a

---

[1] The facts from this section are taken from the parties' pleadings.

Connecticut corporation that provides health insurance plans to employers. Defendant Phill

Mann is a spokesman for CGLIC. Defendants John Does 1-100 are fictitious persons employed

by CGLIC, who Plaintiffs believe are liable to them for damages.

On September 21, 2012, CGLIC commenced an action against Plaintiffs to recover

alleged overpayments made by CGLIC to Roseland, claiming that the payments were made in

error. An issue in that suit is whether it was improper for Roseland, which is not a participator in

CGLIC's insurance plans, to waive co-payments of patients that were covered under plans

administered by CGLIC. On November 16, 2012, an article about the suit, titled "Cigna

Subsidiary Suing N.J. Surgical Center for $6.6M", was published in The Record on

www.northjersey.com. The article states the following:

> "There are a number of facilities and doctors in New Jersey that pursue an out-of-
> network business model," said Phil Mann, a Cigna spokesman. That strategy is
> responsible for "driving up claim costs, with significantly higher charges than
> those billed by in-network doctors and facilities," he said. "The waiver of
> costsharing as a routine business practice is deceptive and fraudulent. Providers
> who engage in this are driving higher costs for all New Jersey consumers."

On December 6, 2012, Plaintiffs filed the instant Complaint in the Superior Court of New

Jersey, alleging i) defamation; and ii) trade libel ("Compl.," ECF No. 1, Ex. A). On December

12, 2012, Plaintiffs filed an amendment to their pleading (ECF No. 1, Ex. B). Defendants filed a

Notice of Removal on January 7, 2013 (ECF No. 1). Defendants then filed this Motion to

Dismiss on February 11, 2013 ("Def.'s Mot.," ECF No. 10). Plaintiffs filed a Brief in Opposition

on April 1, 2013 ("Pl.'s Opp'n," ECF No. 14). Defendants filed a Reply Brief on April 8, 2013

("Def.'s Reply," ECF No. 15).

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to

accept as true all factual allegations in the complaint and draw all inferences in the facts alleged

in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228

(3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However,

the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions and a formulaic recitation of the elements of a cause of action will

not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion

couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's

complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III.    DISCUSSION

### A.  Plaintiff's Defamation Claim

To state a claim for defamation under New Jersey law, a plaintiff must first show that that

the defendant "made a false and defamatory statement concerning the plaintiff." Mangan v.

Corporate Synergies Grp., Inc., 834 F. Supp. 2d 199, 204 (D.N.J. 2011). A statement is

defamatory if it is false and injurious to a person's reputation. Paul v. United Parcel Serv., No.

05-CV-1918, 2005 WL 3307268, at *2 (D.N.J. Dec. 6, 2005). To determine whether a statement

is defamatory, courts look at its content, verifiability, and context. ." Lynch v. New Jersey Educ.

Ass'n, 735 A.2d 1129, 1136 (N.J. 1999). Because mere opinions cannot be proven as true or

false, they do not give rise to liability unless "they imply false underlying objective facts." Id. at

1137. In New Jersey, courts apply a heightened pleading standard that requires a plaintiff to set

forth the specific words that the defendant allegedly used to defame the plaintiff. Mangan, 834 F.

Supp. 2d at 203. However, it  is not required that the plaintiff is actually named in the

defendant's statement, so long as "there is such reference to him that those who read or hear the

[statement] reasonably understand the plaintiff to be the person intended." Dijkstra v. Westerink,

401 A.2d 1118, 1120 (N.J. Super. Ct. App. Div. 1979).

Second, a plaintiff must show that the defendant "communicated the statement to a third

party." Mangan, 834 F. Supp. 2d at 204. Third, a plaintiff must show that the defendant "had a

sufficient degree of fault." Id. Normally, a showing of negligence is adequate. Id. at 206.

However, when a matter of public concern is involved, the standard is heightened to one of

"actual malice." Senna v. Florimont, 958 A.2d 427, 437 (N.J. 2008). Actual malice requires that

the defendant made the statement "knowing that it was false or with a reckless disregard for the

truth." DeAngelis v. Hill, 847 A.2d 1261, 1270 (2004). The defendant's motivation for making

the statement is irrelevant, and thus hostility and ill will on the part of the defendant are not

considered. Id.

In the present case, the first two elements of defamation have been met. With respect to

the first element, Mann's statement that the waiver of costsharing is "fraudulent and deceptive"

is injurious to Plaintiffs' reputations and is not an opinion because it is capable of being verified

as true or false. As Plaintiffs argue, the underlying suit brought by CGLIC, upon which the

article is premised, is centered on the argument over whether costsharing is fraudulent (Pl.'s

Opp'n at 15). Further, although Plaintiffs are not specifically named in the sentence of the article

that states that costsharing is fraudulent and deceptive, the article is about CGLIC's suit against

Plaintiffs. Thus, a reasonable person could conclude that a statement made in the article by a spokesperson of CGLIC concerns Plaintiffs. Defendants try to evade this conclusion by pointing out that they did not write the article and argue that Mann simply made a generalized statement that was not meant to implicate Plaintiffs (Def.'s Mot. at 10). Defendants contend that Plaintiffs' identities were injected into the article by someone other than Defendants (Id. at 11). However, Plaintiffs have set forth sufficient facts to show that the statement concerned them, and as Plaintiffs' allegations must be accepted true at this stage, it is improper to dismiss the Complaint based on this argument. With respect to the second element, the statement was clearly communicated to a third person because Plaintiffs admit that Mann made it to a newspaper reporter (Pl. Opp'n at 16), and thus this element is satisfied.

To determine whether the third element of defamation has been met, the Court must first address whether the statement is a matter of public concern. When a statement is made by a non-media defendant, "a court should consider the content, form, and context of the speech." Senna, 958 at 444. In Senna, the Supreme Court of New Jersey stated the following:

> Content requires that we look at the nature and importance of the speech. For instance, does the speech in question promote self-government or advance the public's vital interests, or does it predominantly relate to the economic interests of the speaker? Context requires that we look at the identity of the speaker, his ability to exercise due care, and the identity of the targeted audience.

Id. Here, it is clear that Defendants' statement implicates a matter of public concern. Mann's statement in the article contends that Plaintiffs are engaging in fraudulent activity that is driving up costs for New Jersey consumers. This is an issue that, if true, is of importance to many people beyond Defendants themselves. Looking at the context of the statement further supports the notion that it is of public concern, as Mann made it to a newspaper reporter and thus Defendants must have known that it would be

5

communicated to the public. Therefore, Plaintiff's Complaint must sufficiently plead that the statement was made with actual malice in order to withstand a motion to dismiss. In the Complaint, Plaintiffs allege that Defendants' statement is false and that it was made with "hatred, ill will, evil motives, and malice" (Compl. ¶ 71). However, nowhere in the Complaint do Plaintiffs make a showing that Defendants made the statement knowing that it was false or with a reckless disregard for the truth. Instead, Plaintiffs erroneously rely on Defendants' alleged motivation for making the statement. Simply stating that the statement was made with malice without additional facts that support the notion that Defendants knew the statement was false or had a reckless disregard for the truth is insufficient to survive a motion to dismiss. See Darakjian v. Hanna, 840 A.2d 959, 965-66 (N.J. Super. Ct. App. Div. 2004) (dismissing the plaintiff's complaint when all it contained was a "conclusory allegation" of malice with "no other factual reference to lend support"). Accordingly, Plaintiffs' defamation claim must be dismissed.

**B. Plaintiff's Trade Libel Claim**

To state a claim for trade libel in New Jersey, plaintiffs must allege "(1) publication, (2) with malice, (3) of false allegations concerning their property, product or business, and (4) special damages." Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 427 (D.N.J. 2005). As discussed above, Plaintiffs have not made a showing of malice. Thus, this Court does not need to address whether Plaintiffs have made the requisite showing for the other elements of trade libel. Accordingly, Plaintiffs' trade libel claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An appropriate

order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:          September 23, 2013
Original:      Clerk's Office
cc:            Hon. Joseph A. Dickson, U.S.M.J.
               All Counsel of Record
               File

7