UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD LIPSKY, ROSELAND AMBULATORY SURGERY CENTER, LLC,** and MHA, LLC d/b/a Meadowlands Hospital,<br><br>Plaintiffs,<br><br>v.<br><br>**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, PHIL MANN, and JOHN DOES 1 through 100,**<br><br>Defendants. | Civ. No. 2:13-00105 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiffs Richard Lipsky, Roseland Ambulatory Surgery Center, LLC, and MHA, LLC d/b/a Meadowlands Hospital filed suit alleging that Defendant Connecticut General Life Insurance Company, and its spokesman, Defendant Phil Mann, committed defamation when Mann accused Roseland of fraud in a published newspaper article. Plaintiffs' Amended Complaint was dismissed with prejudice on September 24, 2013 by Judge Dennis Cavanaugh, to whom the case was then assigned. On October 22, 2013, Plaintiffs moved to reopen the case and file an amended pleading pursuant to Federal Rules of Civil Procedure 59(e) and 15(a)(2). This decision addresses that motion, along with Defendants' cross-motion to re-open the case pursuant to Rule 59(e). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED**, and Defendants' motion is **DENIED**.

**I.**    **BACKGROUND**

    **A.**    **Plaintiff File Their Original Complaint**

    Plaintiff Roseland Ambulatory Hospital ("Roseland") is an ambulatory surgical center in Roseland, New Jersey. Plaintiff MHA, LLC is a New Jersey hospital. Plaintiff Richard Lipsky owns Roseland and MHA. Defendant Connecticut General Life Insurance Company ("CGLIC") is an insurance company. Defendant Phil Mann is a spokesman for CGLIC.

1

The facts of this case are closely related to a separately filed case called *Connecticut General Life Insurance Company v. Roseland Ambulatory Surgery Center, LLC* ("*Connecticut General*"), filed on the docket as civil action number 12-5941. *Connecticut General* concerns a practice called cost-sharing. For present purposes, cost-sharing is a practice that allows insurers to incentivize their insureds to get care from in-network providers. Under cost-sharing, patients who see an out-of-network provider have to pay some of the cost of care from their own pocket. These costs take the form of co-insurance payments and deductibles (for simplicity, the Court refers to these out of pocket payments together as "co-insurance"). In *Connecticut General*, CGLIC is alleging that Roseland, an out-of-network hospital, failed to charge co-insurance to CGLIC insureds. CGLIC argues that waiving co-insurance allowed Roseland to attract patients—and out-of-network reimbursements—that Roseland otherwise would not have gotten. In its pleading, CGLIC takes the position that Roseland's practice violated ERISA and amounted to common law fraud.

On November 16, 2012, after CGLIC filed *Connecticut General*, an article about the *Connecticut General* case (the "Article") was published on the The Record's website, northjersey.com. The Article, which is the subject of the instant case, was published under the headline, "Cigna Subsidiary Suing N.J. Surgical Center for $6.6M." The article included the following language:

> There are a number of facilities and doctors in New Jersey that pursue an out-of-network business model," said Phil Mann, a Cigna spokesman. That strategy is responsible for "driving up claim costs, with significantly higher charges than those billed by in-network doctors and facilities," he said. "The waiver of costsharing as a routine business practice is deceptive and fraudulent. Providers who engage in this are driving higher costs for all New Jersey consumers."

After the Article was published, Plaintiffs filed a two-count Complaint against CGLIC in New Jersey Superior Court alleging that Mann's statement ("the Statement") amounted to defamation and trade libel. Plaintiffs subsequently amended their Complaint to name Phil Mann as a Defendant.

### B. Defendants Remove the Action and Move to Dismiss

On January 7, 2013, Defendants removed the action to federal court, and the case was assigned to the Honorable Katharine S. Hayden. ECF No. 1. On January 14, 2013, the case was reassigned to the Honorable Dennis M. Cavanaugh. ECF No. 4. On February 11, 2013, Defendants moved to dismiss the Amended Complaint. ECF No. 10. On September 24, 2013, Judge Cavanaugh issued an opinion granting the motion to dismiss. Because the instant motions require this Court to effectively reconsider Judge Cavanaugh's decision, the Court will describe Judge Cavanaugh's decision in detail.

Judge Cavanaugh began by addressing the elements of a defamation claim.  First, Judge Cavanaugh noted that a defamation claim could not be predicated on statements of opinion unless the statements imply "false underlying objective facts."  *Connecticut General*, 2013 WL 5354511 at *2 (quoting *Lynch v. New Jersey Educ. Ass'n*, 161 N.J. 152, 167 (1999)).  Judge Cavanaugh explained that courts determine truth or falsity by considering "content, verifiability, and context."  *Id.* (quoting *Lynch*, 161 N.J. at 170).  Judge Cavanaugh continued:

> Content requires that we look at the nature and importance of the speech. For instance, does the speech in question promote self-government or advance the public's vital interests, or does it predominantly relate to the economic interests of the speaker? Context requires that we look at the identity of the speaker, his ability to exercise due care, and the identity of the targeted audience.

*Id.* (quoting *Senna v. Florimont*, 196 N.J. 469, 497 (2008)).  Judge Cavanaugh noted that even if a purportedly defamatory statement fails to explicitly name a plaintiff, the statement can still be defamatory if "those who read or hear the [statement] reasonably understand the plaintiff to be the person intended.'"  *Id.* (quoting *Dijkstra v. Westerink*, 168 N.J. Super. 128, 133 (App. Div. 1979)).

Second, Judge Cavanaugh explained that defamation requires that a plaintiff "communicate[] the [allegedly defamatory] statement to a third party."  *Id.* (quoting *Mangan v. Corporate Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011)).

Third, Judge Cavanaugh explained that when a statement implicates a "public concern," a plaintiff cannot establish defamation without establishing "actual malice." Under the actual malice standard, a defendant must make a statement 'knowing that [the statement] was false or with a reckless disregard for the truth.'"  *Id.* (quoting *DeAngelis v. Hill*, 180 N.J. 1 13 (2004)).

After setting forth the elements of a defamation cause of action, Judge Cavanaugh concluded that Plaintiffs pled the first two elements of the cause of action but failed to plead the third element of the cause of action.  Judge Cavanaugh explained:

> With respect to the first element, Mann's statement that the waiver of costsharing is "fraudulent and deceptive" is injurious to Plaintiffs' reputations and is not an opinion because it is capable of being verified as true or false.  As Plaintiffs argue, the underlying suit brought by CGLIC, upon which the article is premised, is centered on the argument over whether costsharing is fraudulent.  Further, although Plaintiffs are not specifically named in the sentence of the article that states that costsharing is fraudulent and deceptive, the article is about CGLIC's suit against Plaintiffs.  Thus, a reasonable person could conclude that a statement made in the article by a spokesperson of CGLIC concerns Plaintiffs. Defendants try to evade this conclusion by pointing out that they did not write the

> article and argue that Mann simply made a generalized statement that was not meant to implicate Plaintiffs. Defendants contend that Plaintiffs' identities were injected into the article by someone other than Defendants. However, Plaintiffs have set forth sufficient facts to show that the statement concerned them, and as Plaintiffs' allegations must be accepted true at this stage, it is improper to dismiss the Complaint based on this argument. With respect to the second element, the statement was clearly communicated to a third person because Plaintiffs admit that Mann made it to a newspaper reporter, and thus this element is satisfied.

*Id.* at *3 (internal citations omitted).

Next, Judge Cavanaugh held that the Statement involved a matter a public concern. He stated:

> Mann's statement in the article contends that Plaintiffs are engaging in fraudulent activity that is driving up costs for New Jersey consumers. This is an issue that, if true, is of importance to many people beyond Defendants themselves. Looking at the context of the statement further supports the notion that it is of public concern, as Mann made it to a newspaper reporter and thus Defendants must have known that it would be communicated to the public.

*Id.*

After concluding that the Statement involved a matter of public concern, Judge Cavanaugh held that Plaintiffs had failed to plead malice. Judge Cavanaugh wrote:

> Plaintiffs allege that Defendants' statement is false and that it was made with "hatred, ill will, evil motives, and malice." However, nowhere in the Complaint do Plaintiffs make a showing that Defendants made the statement knowing that it was false or with a reckless disregard for the truth. Instead, Plaintiffs erroneously rely on Defendants' alleged motivation for making the statement. Simply stating that the statement was made with malice without additional facts that support the notion that Defendants knew the statement was false or had a reckless disregard for the truth is insufficient to survive a motion to dismiss.

*Id.* (internal citations omitted). Because Plaintiffs failed to plead actual malice, Judge Cavanaugh dismissed Count I, the claim for defamation. And because Count II, the claim for trade libel, also required Plaintiffs to plead actual malice, Judge Cavanaugh dismissed that count, as well. *Id.* at 4. Since Judge Cavanaugh did not specify whether the dismissal operated with or without prejudice, the dismissal operates with prejudice as a matter of law. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a

dismissal under this subdivision (b) [governing involuntary dismissals] and any dismissal not under this rule . . . operates as an adjudication on the merits.").

### C.    Plaintiffs Move to Re-Open the Case

After Judge Cavanaugh dismissed the Amended Complaint, Plaintiffs filed a motion to amend.  In a letter order dated October 22, 2013, Magistrate Judge James B. Clark denied the motion as premature.  ECF No. 22.  Judge Clark explained that because the Amended Complaint had been dismissed with prejudice, Plaintiffs could only file a Second Amended Complaint if they moved to set aside or vacate Judge Cavanaugh's judgment under Federal Rule of Civil Procedure 59(e) or 60(b).  *Id.*

On October 22, 2013, 28 days after Judge Cavanaugh dismissed the case, Plaintiffs filed a notice of appeal with the Third Circuit.  ECF No. 24.  Simultaneously, Plaintiffs moved to reopen this matter and file an amended pleading pursuant to Federal Rules of Civil Procedure 15 and 59(e) (or in the alternative Rules 15 and 60(b)(6)).[1]  ECF No. 25.  Plaintiffs argued that their proposed Second Amended Complaint (the "Proposed SAC") cured the deficiency in the "actual malice" element of the defamation cause of action.

The Proposed SAC builds on the allegations in the Amended Complaint. Specifically, the Proposed SAC provides additional information about the relationship between Plaintiffs, Defendants, and a contractor called VIANT.  According to the Proposed SAC, CGLIC and Roseland did not have a direct contract with one another, but they nevertheless entered into an agreement.  Under this agreement, manifested through a course of dealing, Roseland would submit a bill to CGLIC, which in turn would submit the bill to VIANT.  Proposed SAC. ¶ 36, ECF No. 25-2.  A VIANT negotiator would then negotiate the claim down to 60% or 70% of the "usual, customary and reasonable rate which non-participating providers are entitled to under existing law."  *Id.* ¶¶ 36-37. Plaintiffs allege that "[t]o the extent that CGLIC either directly, or through its agent [VIANT], entered into direct contracts with Roseland, such contracts supersede and otherwise control the relationship of the parties."  *Id.* ¶ 56.  According to the Proposed SAC, CGLIC's contracts with Roseland "governed the relationship of the parties" and did not "require[] or otherwise state[] that Roseland was required to collect coinsurance, copayment, or other charges."  *Id.*  Finally, the Proposed SAC alleges that CGLIC (and Mann) should have known that Plaintiffs were permitted to waive co-insurance "because plaintiff Roseland had contracted with CGLIC's sub-contractor Viant to discount its invoices by 40% of billed charges."  *Id.* ¶ 65.

---

[1]   The Third Circuit stayed the appeal pending resolution of Plaintiff's motion.  ECF No. 32.

### D. Defendants Cross-Move to Re-Open the Case

After Plaintiffs moved to reopen the case and file the Proposed SAC, Defendants filed a cross-motion to re-open the case and amend Judge Cavanaugh's judgment pursuant to Rule 59(e). ECF No. 36. In their motion, Defendants request that if the Court finds that the Proposed SAC pleads actual malice, the Court should effectively reconsider Judge Cavanaugh's decision that the Statement was a statement of fact rather than opinion. If the Court were to agree with Defendants that the Statement expressed an opinion, not a fact, Defendants want the Court to re-open the case, dismiss the case with prejudice, and allow the appeal to proceed.

On May 3, 2014, while both Plaintiffs' motion and Defendants' cross-motion were pending, the instant case was reassigned to the undersigned from Judge Cavanaugh.

## II. LEGAL STANDARD

"After judgment dismissing the complaint is entered, a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and 60(b)." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011) (internal citations and quotation marks omitted). Where, as here, a party seeks to amend a pleading within 28 days of the entry of judgment, the party must proceed under Rule 59(e). *Id.* at 230 n.7.

"Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (citation and internal quotation marks omitted). "[W]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" *Id.* (quoting *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)). "The Rule 15(a) factors include 'undue delay, bad faith, prejudice, or futility.'" *Id.* (quoting *Adams Golf*, 381 F.3d at 280 (citation omitted)).

## III. DISCUSSION

Plaintiffs argue that the Proposed SAC cures the deficiency in the "actual malice" element of the defamation cause of action addressed by Judge Cavanaugh. Accordingly, Plaintiffs move under Rules 15 and 59(e) to reopen the case and file the Proposed SAC. Defendants argue that it would be futile to proceed with the Proposed SAC because the Proposed SAC fails to plead actual malice. In the alternative, Defendants argue that if the Proposed SAC satisfactorily alleges actual malice, Plaintiffs' claims still fail because, contrary to Judge Cavanaugh's ruling, the Statement was an expression of opinion rather than fact. The Court addresses these arguments in turn.

6

First, the Proposed SAC alleges actual malice. [2] In the Proposed SAC, Plaintiffs charge that Defendants committed defamation when Mann told a journalist that waiving co-insurance amounted to fraud. Plaintiffs further allege that Defendants knew or should have known that Plaintiffs were <u>not</u> engaged in a fraud because (a) there was no explicit obligation to bill for co-insurance under the course of dealing between CGLIC and Plaintiff; and (b) Plaintiffs were not obligated to charge co-insurance to Defendants' insureds because Plaintiffs provided Defendants with substantial discounts, thereby allowing Defendants to recoup or partially recoup the out additional out-of-network costs that Defendants incurred because Plaintiffs waived the co-insurance obligation. The Court finds that these allegations are sufficient to allow discovery on whether Mann knowingly or recklessly uttered a falsehood, and therefore acted with actual malice.

Next, since the proposed SAC adequately pleads actual malice, the Court must address Defendants' argument that Judge Cavanaugh was wrong when he decided that the Statement was an expression of fact rather than opinion. Defendants' argument is not persuasive. Indeed, it is difficult to understand how Defendants can maintain that the fraud charge was an expression of opinion given Defendants' concession that fraud is "a legal issue that this Court will have to decide[]" in the related matter, *Connecticut General*. Opp. Br. at 14, ECF No. 37; *see also id.* ("Roseland contends that cost-share waiver is not fraudulent. Indeed, if Roseland is correct on this point, the statement that it commits cost-share waiver will be <u>ipso facto</u> not defamatory) (emphasis in original).

Next, Defendants argue the Statement did not defame Roseland because the Statement was a general comment about an industry practice. While Defendants are correct that the Statement refers generally to industry practices, the Statement was published under the headline "Cigna Subsidiary Suing N.J. Surgical Center for $6.6M." That could lead a reader to conclude that Defendants were speaking about Plaintiffs. As Judge Cavanaugh noted, a plaintiff can prevail on a defamation claim even if a purportedly defamatory statement fails to explicitly name a plaintiff, so long as the "those who read or hear the [statement] reasonably understand the plaintiff to be the person intended.'" *Connecticut General*, 2013 WL 5354511 at *2 (quoting *Dijkstra*, 168 N.J. at 133).

Accordingly, the Court finds that the new allegations in the proposed SAC sufficiently allege actual malice. In addition, the Court finds that Judge Cavanaugh correctly ruled that the Statement is an expression of fact, not opinion. It follows that Plaintiffs have alleged a defamation claim for purposes of the motion to dismiss. As such, it would not be futile to allow Plaintiffs to file the Proposed SAC and allow this case to proceed to discovery.

---

[2] Plaintiffs and Defendants disagree about whether Plaintiffs need to plead actual malice in this case. Because the Court finds that Plaintiffs have successfully pled actual malice, the Court does not have to resolve this disagreement.

## IV. CONCLUSION

For the above stated reasons, the Court will **GRANT** Plaintiff's motion to reopen the case and file the proposed SAC pursuant to Federal Rules of Civil Procedure 15 and 59(e).  The Court will **DENY** Defendants' cross-motion under Federal Rule of Civil Procedure 59(e).  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 30, 2014**